## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**BENJAMIN VIENT**                                                                **PLAINTIFF**

**v.**                              **Case No. 4:20-cv-01219 KGB**

**WEHCO MEDIA, INC., and**
**CHATTANOOGA TIMES FREE PRESS**                                   **DEFENDANTS**

### ORDER

Before the Court are defendants Wehco Media, Inc. ("Wehco") and Chattanooga Times Free Press's ("Chattanooga Times") (jointly, "defendants") motion to dismiss and motion to stay discovery (Dkt. Nos. 13, 20), as well as plaintiff Benjamin Vient's motion for preliminary injunctive relief and hearing, motion to amend complaint and request for preliminary injunction in response in opposition to motion to dismiss, and motion to file with CM/ECF (Dkt. Nos. 9, 17, 18). For the reasons set forth below, the Court grants defendants' motion to dismiss and denies all other pending motions as moot. The Court declines to grant the relief requested and dismisses without prejudice this matter.

**I.      Defendants' Motion to Dismiss**

Defendants move to dismiss Mr. Vient's complaint in its entirety pursuant to Federal Rules of Civil Procedure 8 and 12(b)(1)-(6) (Dkt. No. 13, at 1).

In relevant part, Federal Rule of Civil Procedure 8 states:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

Federal Rule of Civil Procedure 12(b)(1)-(6) states:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted . . .

Fed. R. Civ. P. 12.  For the following reasons, the Court grants defendants' motion to dismiss.

## A.     Failure To State A Claim Against Wehco

Defendants argue in their motion to dismiss that Mr. Vient has failed to plead any plausible statement as grounds for this Court's jurisdiction and that this Court lacks subject matter jurisdiction over the claims asserted against Wehco because Mr. Vient's claims are "based entirely on allegations against Chattanooga Times." (Dkt. No. 13, at 5).  Defendants cite in support of their arguments Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6).  Because the Court dismisses Mr. Vient's claims against Wehco pursuant to Rule 8, the Court does not consider Wehco's alternative defenses.

"Rule 8 requires a complaint to allege 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)

(quoting Fed. R. Civ. P. 8)).   To meet Rule 8's standard and survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility[,]'" and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'"   *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In this case, Mr. Vient's complaint does not contain any specific allegations against Wehco. In his response to Wehco's motion to dismiss, Mr. Vient asserts that Wehco owns the Chattanooga Times (Dkt. No. 17-1, Ex. E).   Wehco asserts that it is a holding company[1] (Dkt. No. 13, at 5).   To the extent Mr. Vient seeks to hold Wehco accountable for a subsidiary's actions, he has failed to allege any facts that would overcome the "nearly universal rule that a corporation and its stockholders are separate and distinct entities, even though a stockholder may own the majority of the stock." *Anderson v. Stewart*, 234 S.W.3d 295, 297-98 (Ark. 2006).

Accepting each of Mr. Vient's allegations as true, the Court finds that Mr. Vient has failed to allege any wrongdoing by Wehco.   Further, he has failed to plead any facts to permit the Court to hold Wehco accountable for a subsidiary's actions.   Mr. Vient has failed to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Therefore, the Court dismisses without prejudice Mr. Vient's claims against Wehco.

---

[1]   The Arkansas Supreme Court has generally defined "holding company" as "a super-corporation which owns or at least controls such a dominant interest in one or more corporations that it is enabled to dictate their policies through voting power; a corporation organized to hold the stock of other corporations." *Arkansas Bank & Tr. Co. v. Douglass*, 885 S.W.2d 863, 867 (Ark. 1994).

### B.      Lack of Jurisdiction Over Chattanooga Times

Defendants also argue that this Court lacks personal jurisdiction over Chattanooga Times pursuant to Federal Rule of Civil Procedure 12(b)(2)-(5).  The Court finds that it lacks personal jurisdiction over Chattanooga Times, and the Court dismisses Mr. Vient's claims against Chattanooga Times pursuant to Federal Rule of Civil Procedure 12(b)(2).  As a result, the Court does not reach defendants' other defenses.

Defendants assert that Chattanooga Times[2] is a newspaper published by Chattanooga Publishing Company ("CPC") and that CPC is based in Chattanooga, Tennessee, and is not registered to do business in the State of Arkansas.  Therefore, on the record before the Court, the Court declines to find that Chattanooga Times is subject to general jurisdiction in the State of Arkansas.  *See Doshier v. Twitter, Inc.*, 417 F. Supp. 3d 1171, 1177 (E.D. Ark. 2019).

As to specific jurisdiction, due process requires that the defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted).  Courts must consider the "quality and nature" of the defendant's activities.  *Id.*  at 319.  Personal jurisdiction does not exist when the forum state "has no contacts, ties, or relations" to the defendant.  *Id.*  The Supreme Court has held that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  In *World-Wide Volkswagen Corp. v. Woodson*, the Supreme Court concluded that "the defendant's conduct and connection with the

---

[2]  The Court recognizes defendants' claim that dismissal is also appropriate because Mr. Vient has misnamed Chattanooga Times.  The Court need not analyze that claim as, under any name, Mr. Vient has not established this Court's personal jurisdiction over this defendant.

forum State" were such that he could "reasonably anticipate being haled into court there." 444 U.S. 286, 297 (1980). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated,' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted).

The plaintiff bears the burden of proving a non-resident defendant has sufficient contacts with Arkansas to invoke personal jurisdiction. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). "While the facts adduced in a Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist, thereby casting the burden upon the moving party to demonstrate a lack of personal jurisdiction." *Smith v. Hobby Lobby Stores, Inc.*, 968 F. Supp. 1356, 1359 (W.D. Ark. 1997) (citation omitted).

Here, the Court cannot find that the acts that Mr. Vient alleges form the basis of this litigation occurred in the Eastern District of Arkansas. Mr. Vient also has not alleged that Chattanooga Times has any contacts, relations, or ties to the Eastern District of Arkansas. To the extent Mr. Vient alleges that Chattanooga Time's website establishes contacts in the Eastern District of Arkansas, "[t]he federal circuit has held that the ability of a forum's residents to access the defendants' website does not by itself show any persistent course of conduct by the defendant in the forum." *Laseraim Tools, Inc. v. SDA Mfg.*, LLC, 624 F. Supp. 2d 1027, 1031 (E.D. Ark. 2008) (citing *Campbell Pet Co. v. Miale*, 542 F.3d 879, *884 (Fed. Cir. 2008)).

Therefore, the Court finds that it lacks personal jurisdiction over Chattanooga Times and dismisses without prejudice Mr. Vient's claims against Chattanooga Times.

## II.     Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss (Dkt. No. 13). The Court dismisses without prejudice Mr. Vient's claims against defendants.  Accordingly, the Court denies as moot Mr. Vient's motion for preliminary injunctive relief and hearing (Dkt. No. 9), motion to amend the complaint and request for preliminary injunction in response in opposition to motion to dismiss (Dkt. No. 17), and motion to file with CM/ECF (Dkt. No. 18).  Further, the Court denies as moot defendants' motion to stay discovery (Dkt. No. 20).

It is so ordered this 3rd day of September, 2021.

Kristine G. Baker
United States District Judge