IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BENJAMIN VIENT**                                                                           **PLAINTIFF**

**v.**                         **Case No. 4:20-cv-01219 KGB**

**WEHCO MEDIA, INC., and**
**CHATTANOOGA TIMES FREE PRESS**                           **DEFENDANTS**

### ORDER

Before the Court are several motions filed by plaintiff Benjamin Vient (Dkt. Nos. 24; 25; 27). Specifically, Mr. Vient moves this Court to vacate its September 3, 2021, Order pursuant to Federal Rule of Civil Procedure 60(b)(1), which the Court construes as a motion to reconsider (Dkt. No. 24).[1] Should this Court grant his motion to reconsider, Mr. Vient next asks that the Court transfer this action to a proper venue pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 25). Mr. Vient also files a motion to stay (Dkt. No. 27). Defendants Wehco Media, Inc. ("Wehco"), and Chattanooga Times Free Press ("Chattanooga Times") filed a response opposing Mr. Vient's motion to reconsider and his motion to transfer (Dkt. No. 26). For the reasons stated below, the Court denies Mr. Vient's pending motions (Dkt. Nos. 24; 25; 27). This case will remain closed.

**I.    Motion For Reconsideration**

Mr. Vient moves for reconsideration of the Court's Order and Judgment dated September 3, 2021, pursuant to Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) allows a court, upon a motion, to relieve a party from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. Mr. Vient argues that he, as a litigant proceeding *pro se*, "may have . . . made

---

[1] Though Mr. Vient does not cite the Court's final Judgment (Dkt. No. 22) in his motion, the Court understands his instant motion for reconsideration to seek relief from both the Court's September 3, 2021, Order and its final Judgment entered that same day.

the mistake of filing this civil action in the wrong District Court" (Dkt. No. 24). Though Mr. Vient proceeds *pro se*, he must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

"Relief under Rule 60(b) is limited." *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997). "A district court should grant a Rule 60(b) motion 'only upon an adequate showing of exceptional circumstances.'" *United States v. Tracts 10 & 11 of Lakeview Heights*, 51 F.3d 117, 120 (8th Cir. 1995) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986), *cert. denied*, 484 U.S. 836 (1987)); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.,* 496 F.3d 863, 866 (8th Cir. 2007); *Richards*, 108 F.3d at 927 (quoting *Tracts*, 51 F.3d at 120); *General Elec. Co. v. Lehnen*, 974 F.2d 66, 67 (8th Cir. 1992) (explaining that relief under Rule 60(b) can be granted only in exceptional cases). In considering Mr. Vient's motion, the Court finds apt the characterization adopted by the Sixth Circuit Court of Appeals of Rule 60(b) as a mechanism that provides relief: "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). The Court highlights this characterization because it can find no concrete distinction in the Eighth Circuit differentiating mistake, inadvertence, surprise, or excusable neglect as used in Rule 60(b). *See, e.g., Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000) (citing *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993), for the proposition that, "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect . . . is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control

of the movant."). Regardless of the characterization of Rule 60(b) that this Court applies, the Court reaches the same result and denies Mr. Vient's motion.

In the instant motion, Mr. Vient has not demonstrated that the instant case represents the type of exceptional circumstance required to justify vacating the Court's September 3, 2021, Order and Judgment. *See generally In re Guidant Corp.*, 496 F.3d at 866; *Richards*, 108 F.3d at 927 (quoting *Tracts*, 51 F.3d at 120); *General Elec. Co.*, 974 F.2d at 67 (explaining that relief under Rule 60(b) can be granted only in exceptional cases). The Court previously ruled that Mr. Vient failed to state a claim against Wehco, and the Court determined that it lacked personal jurisdiction over the Chattanooga Times (Dkt. No. 21, at 2–5). Mr. Vient has not cured any of the deficiencies against Wehco, and the Court is not inclined to relieve Mr. Vient from its Order when it dismissed without prejudice his claim against both Wehco and the Chattanooga Times.

Furthermore, even if Mr. Vient had shown an exceptional circumstance, he cannot demonstrate that his mistake is sufficiently excusable to warrant relief under Rule 60(b)(1). Mr. Vient blames his mistake on his *pro se* status (Dkt. No. 24). As the Court noted earlier, the fact that *pro se* litigants are held to less stringent pleading standards does not negate a *pro se* litigant's responsibility to comply with substantive and procedural law. *Brown*, 806 F.2d at 804. It is a bedrock principle of the American judicial system that a court can only assert personal jurisdiction over a party if the assertion of such jurisdiction does not offend due process. *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (explaining that "due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'"). Proper study of governing precedent would have guided Mr. Vient toward filing his

suit in a court of competent jurisdiction. His mistake is not excusable and does not warrant relief under Rule 60(b)(1). *See generally McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 593 (6th Cir. 2002) (explaining that "neither strategic miscalculation nor counsel's misinterpretation of the law warrants relief from a judgment"); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993) (explaining that "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief . . . . In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness or misapprehension of the law or the applicable rules of court."); *Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) ("[C]ounsel's ignorance of the statute that governs labor law disputes between a railway worker and his or her employer does not constitute excusable neglect."); *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (explaining that courts have consistently declined to relieve a client under subsection (1) of the "burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court . . . . More particularly for our purposes, an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment."); *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986) (stating that "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."). [2]

For these reasons, the Court denies Mr. Vient's motion for reconsideration (Dkt. No. 24).

---

[2] The Court acknowledges that the cases cited address a party's counsel's mistake such that the mistake does not qualify for relief under Rule 60(b). However, Mr. Vient, despite his status as a *pro se* litigant, is required to comply with substantive and procedural law. *Brown*, 806 F.2d at 804. Therefore, the Court relies on these same principles to evaluate Mr. Vient's motion.

## II.     Motion To Transfer Venue And Motion To Stay

In addition to Mr. Vient's motion for reconsideration of order (Dkt. No. 24), he filed a contemporaneous motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (Dkt. Nos. 25).  Mr. Vient also filed a motion to stay on May 31, 2022 (Dkt. No. 27).  As the Court denies Mr. Vient's motion for reconsideration, it denies as moot his motion to transfer venue and his motion to stay (Dkt. Nos. 25; 27).  Further, the Court questions whether, given its determination that it lacks personal jurisdiction over the Chattanooga Times, it would be appropriate to transfer venue under such circumstances.  *See Conrad v. Missouri Walnut Grp., LLC*, Case No. 4:18-CV-00716-NKL, 2019 WL 3554719, at *3 (W.D. Mo. Aug. 5, 2019) (examining these issues).

## III.    Conclusion

For the foregoing reasons, the Court denies Mr. Vient's motion for reconsideration of order (Dkt. No. 24).  Furthermore, the Court denies as moot Mr. Vient's motion for change of venue and his motion to stay (Dkt. Nos. 25; 27).  This case will remain closed.

It is so ordered this 12th day of September, 2022.

_____
Kristine G. Baker
United States District Judge